# Morgan v. Hendren.

*Application for Allotment of Dower.*

1. *Dower; mortgage to secure payment of money borrowed to purchase lands, out of which dower is asked, not being signed by the wife is no bar to allotment.*—Where one purchases lands with money borrowed from another, and then mortgages the same lands to secure the payment of the loan, the lender's right in respect to the land is referable to the mortgage, and not to the operation of law, by which a trust is created in favor of one whose money has been used by another in the purchase of lands; and neither such a mortgage nor any devolution of title through it presents an obstacle to the allotment of dower by metes and bounds to the mortgagor's widow, who, although said mortgage was executed after seizure and marriage, did not join in or sign it.

[Morgan v. Hendren.]

2. *Allotment of dower; when probate court without jurisdiction.*—
When, on an application for allotment of dower, it is shown that the
lands out of which dower is demanded have been aliened by the hus-
band, and that because of improvements made by the alienee, an al-
lotment of dower by metes and bounds would give to the widow one-
third of the value of the alienee's improvements, such assignment of
dower would be unjust, and the probate court, being without juris-
diction (Code, § 1910), the petition should be dismissed; relief being
obtainable only in a court of equity.

APPEAL from the Probate Court of Jackson.

Heard before the Hon. WM. B. BRIDGES.

The proceeding in this case was commenced by a pe-
tition filed by the appellee, Rebecca Hendren, addressed
to the judge of probate of Jackson county, asking that a
dower interest be allotted to the petitioner in certain de-
scribed lands. It was shown by the testimony of the
petitioner, that the lands out of which dower is demand-
ed were purchased by Starling Hendren, to whom she was
afterwards married, in December, 1862, from one Lang-
ston; and that he went into possession of said property
under a deed duly executed by said Langston, and re-
mained in possession of said lands until 1879, when the
defendant, B. F. Morgan, took possession thereof. It
was also shown by the petition that at the time of her
marriage to the said Starling Hendren, he was seized of
the lands involved in this controversy, and that she had
never signed away or disposed of her dower interest
thereto.

The testimony for the respondent tended to show that
one Addison White furnished the money to said Hen-
dren, with which he paid for the lands purchased by him
from said Langston; that for the purpose of securing the
re-payment of said loan, Hendren mortgaged the lands
so purchased to said White, and at all times recognized
the said White as the holder of the title to said lands;
that upon the respondent offering to buy the property.
from the said Starling Hendren, he was told that he,
Hendren, could not convey a good title to said lands,
and that if the witness wished to purchase he must see
White, who held the title thereto; that said respondent
accordingly purchased the lands from said White, who
executed to him a warranty deed thereto in December,
1879, under which deed he demanded possession of the
lands from said Hendren, who thereupon surrendered the

[Morgan v. Hendren.]

same to the respondent. There was also testimony tending to show that said Morgan had since his purchase made permanent improvements on said lands by clearing a portion of it for cultivation, and in other ways; the improvements amounting to one hundred or one hundred and fifty dollars..

Upon the final hearing of the cause, upon the evidence, the probate court declared that the petitioner was entitled to the relief prayed, and rendered a decree accordingly. The defendant appeals, and assigns this decree as error.

J. E. BROWN and R. W. WALKER, for appellant.— White's payment of the purchase money raised a resulting trust in his favor, even if a deed was made to Hendren with his knowledge, and this payment of the purchase money made White the equitable owner of the land.—*Bibb v. Hunter*, 79 Ala. 351; 3 Brick. Dig. 795; 2 Pomeroy's Eq. Jur., 103. By reason of the improvements made by the alienee, an allotment of dower by metes and bounds would be unjust, and the probate court being incapable of doing justice between the parties, should decline jurisdiction by dismissing the petition.—*Snodgrass v. Clark*, 44 Ala. 198; *Thrasher v. Pickard*, 23 Ala. 616; *Beavers v. Smith*, 11 Ala. 20; *Barney v. Frowner*, 9 Ala. 901; Code, §§ 1910, 1911.

N. H. NORWOOD, *contra*, cited *Steel v. Brown*, 70 Ala. 235; *Edmondson v. Montague*, 14 Ala. 370; *Snodgrass v. Clark*, 44 Ala. 198; 1 Brick. Dig., 866, § 912; *Owen v. Paul*, 16 Ala. 130.

McCLELLAN, J.—On the evidence set out in this record we are satisfied that petitioner's husband was seized of the land in controversy at the time of, and for many years after, his marriage to her. Our conclusion further is that, being so seized, he conveyed the land to Addison White as security for money the latter had loaned to or paid for him. Whether, if this money was a loan, it was advanced by White to enable Hendren to pay for the land and used for that purpose, or loaned to him generally and without reference to any particular object, we regard as an immaterial inquiry. In any view as to that, the money became Hendren's, and in

[Morgan v. Hendren.]

its stead White held Hendren's obligation to repay a like sum, secured by a mortgage on this property. Conceding, in other words, that the money was loaned and used to pay for the land, it was, after being loaned, so used, not as White's money, but as Hendren's; and White's rights in respect of the land were referable to the mortgage, and not to the operation of law by which a trust is raised up in favor of him whose funds have been used in the acquisition of title to realty by another; he was a mortgagee, and not a *cestui que trust*. And neither his mortgage nor any devolution of title through it could present any obstacle to the allotment of dower by metes and bounds to Hendren's widow, the present petitioner, since that instrument was executed after seizure and marriage, and was not joined in by her. It is not pretended that the petitioner had ever relinquished her claim to dower. And it follows that she is now dowable of the premises involved here.

But it does not follow that the probate court had jurisdiction to make the allotment. On the contrary, the evidence adduced shows to our satisfaction that "because of the improvements made by the alienee, an assignment of dower by metes and bounds would be unjust;" and in such case the chancery court alone has power to make the allotment, the probate court being without authority to take the improvements into consideration, and hence incapable of doing justice between the parties by a decree having reference to them, or making any allowance to the alienee because of the betterments he has put on the land.—Code, § 1910. It was developed in this case that Morgan, the alienee, had made improvements of the value of from one hundred to one hundred and fifty dollars—quite a large sum in relation to the value of the land itself, which was about five hundred dollars. Manifestly, in alloting one-third of the land by metes and bounds to Mrs. Hendren, she would receive one-third of the value of Morgan's improvements to which she has no shadow of right. When this state of case developed on the trial, the probate court should have dismissed the petition for dower. Its decree assigning dower must be reversed; and the cause remanded.

Reversed and remanded.